## SUPREME COURT.

### MARGARET LLOYD and others agt. JOHN VAN ANTWERP and others.

#### *Construction of a will.*

This action was brought for the construction of the will of the testator, John C. Lloyd. The fourth clause of the will, which is the principal one considered, reads as follows:

"Fourth. I give and bequeath to my wife, Jane Lloyd, the interest, income and profit of thirty thousand ($30,000) dollars during her natural life, payable semi-annually, the principal to be invested by my executors according to the best of their understanding. After the death of Jane the principal to be divided as follows, viz.: to my brother Alexander C. Lloyd, and my sisters Eliza Howe and Margaret Robinson, five thousand ($5,000) each — the balance to be equally divided in equal proportions between my nephews and nieces, children of my late brother James Lloyd, and my brother Alexander C. Lloyd and also my sisters Eliza Howe and Margaret Robinson that may be living at the death of my wife Jane Lloyd."

The question to be determined was: When did the ownership of the principal sum of $5,000, bequeathed to his brother and each of his sisters, vest, immediately or upon the death of the widow? If immediately, the shares of the legatees who died before the widow would not go to the survivors; if it did not vest until the death of the widow, then the survivors would take.

*Held*, that the intention of the testator was that the ownership should vest immediately — and this intention was gathered from other parts of the will as well as from the fourth clause, where it very satisfactorily appeared by the direction, that "after the death of Jane the principal to be *divided* as follows:" — to his brother and two sisters each $5,000. When in the disposition of the balance of the $30,000, the direction was that it be equally divided between the nephews and nieces, children of his brothers and sisters "*that may be living at the death of my wife, Jane Lloyd.*"

This construction results as follows: *First.* Margaret Lloyd as the devisee of her husband is entitled to the sum of $5,000, bequeathed to such husband Alexander C. Lloyd. *Second.* The defendant Eliza Howe is entitled

Lloyd agt. Van Antwerp.

to the sum of $5,000, specifically bequeathed to her. *Third.* Margaret Robinson having died childless and intestate before the widow and leaving a husband, the $5,000 bequeathed to her goes to such husband.

*Fourth.* The remainder of the $30,000 is to be distributed and divided equally among the children of James Lloyd (the plaintiffs Alexander Lloyd and Daniel Lloyd) and his sister Eliza Howe. They being the only parties to whom this bequest was made who were living at the time of the death of Jane Lloyd; and among such only as were then living could the distribution be made. Each of these parties, the two nephews and the sister, take an equal one-third part thereof, as the division is to be " in equal proportions." *

The seventh clause of the will is identical in its terms with the fourth clause. It sets apart $10,000 to be invested by the executors, who are to pay the income thereof, semi-annually, to Margaret Robinson, and at her death the principal is to be divided " equally in equal proportions between my brother Alexander C. Lloyd, my sister Eliza Howe, my wife, Jane Lloyd, and my adopted daughter, Anna Lloyd." The same reasoning given in the construction of the fourth clause applies to this; consequently each of the four legatees, on the death of Margaret Robinson, took one quarter ($2,500) each, which was vested in them as owners from the death of the testator.

*Albany Special Term, July,* 1875.

ACTION to construe a will.

*Ira Harris,* for plaintiffs.

*Mr. Arnoux,* for Howe and children.

*Thomas B. Morrow,* for Samuel Robinson.

WESTBROOK, *J.* — The testator, John C. Lloyd, whose will this action is brought to construe, died in the year 1863, leaving him surviving a widow, Jane, a brother, Alexander C. Lloyd, two sisters, Margaret Robinson and Eliza Howe,

---

* NOTE.— *It seems* that this balance or remainder ($15,000) was bequeathed by the testator specifically to his nephews and nieces, children of his brothers and sisters, and that no part of it was intended to go to his brothers or sisters. If so, the four children of Eliza Howe and the two children of James Lloyd, which were the only nephews and nieces living at the death of the widow, Jane Lloyd, took the whole of this fund divided equally between them — making six equal parts instead of three. — [REP.

two nephews, Alexander Lloyd and Daniel Lloyd, the sons of a deceased brother, and an adopted daughter, Anna Lloyd.

Alexander C. Lloyd, the brother of the testator, died childless in 1865, and by his will gave all of his property to his widow, Margaret Lloyd, the plaintiff.

Margaret Robinson, the sister of the testator, died in 1870, childless and intestate, leaving her surviving her husband, Samuel Robinson, one of the defendants, who has administered upon her estate.

Eliza Howe, the other sister of the testator, is living and has four children who are also living and are of full age.

Anna Lloyd, the adopted daughter, is living, married, and has children who are minors.

The two children of the deceased brother, James, Alexander Lloyd and Daniel Lloyd, are living, and with the widow of Alexander C. Lloyd are plaintiffs in this suit.

The first clause in the will which is to be construed reads as follows: "Fourth. I give and bequeath to my wife Jane Lloyd, the interest, income and profit of thirty thousand (30,000) dollars, during her natural life, payable semi-annually, the principal to be invested by my executors according to the best of their understanding. After the death of Jane the principal to be divided as follows, viz.: to my brother Alexander C. Lloyd, and my sisters Eliza Howe and Margaret Robinson, five thousand (5,000) dollars each; the balance to be equally divided in equal proportions between my nephews and nieces, children of my late brother James Lloyd and my brother Alexander C. Lloyd, also, my sisters Eliza Howe and Margaret Robinson, that may be living at the death of my wife, Jane Lloyd."

The question to be determined in the construction of this clause is, when did the ownership of the principal sum of $5,000, bequeathed to his brother and each of his sisters, vest, immediately, or upon the death of the widow. If immediately, and the time of payment and division was only postponed until after the death of the widow, then the shares of

the legatees who died before the widow, did not go to the survivors. If, on the other hand the ownership vested only upon the death of the widow, then the share of any who died before such widow, went to the survivor (*Hays* agt. *Gourley, vol.* 8 *Sup. Court Reports, by Hun, page* 38).

In the determination of this question effect must be given to the intention of the testator (*Hoppock* agt. *Tucker,* 3 *N. Y. Sup. Court Reports, by Thompson & Cooke, page* 653). That the intention was that the ownership should vest immediately, and the time of payment was merely postponed, is obvious from these considerations.

First. There are no express words of gift contained in the clause. It is hardly to be supposed that the testator intended that there should be an intervening period of time between his death and that of his widow, who was to enjoy the income, during which the principal sum had no owner. The whole amount was to be invested by the executors, for whom? Was it not manifestly for the benefit of the widow who was to enjoy the income, and also for the benefit of those among whom it was to be divided after her death? It is evident he so thought, for he speaks of a *division* after her death. Among whom was that to be made? Was it not among those who *owned* it? And, unless we are to understand him as supposing he had already given the ownership, would he have spoken of a division only?

Secondly. If he intended not to make a present bequest, but on the contrary, intended either of the sums of $5,000 to go to the survivors of those who died before the widow, why does he not expressly so provide, as he does in the case of the remainder of such principal sum of $30,000? Of that he says: " The balance to be equally divided in equal proportions between my nephews and nieces, children of my late brother James Lloyd, and my brother Alexander C. Lloyd, also my sister Eliza Howe and Margaret Robinson, *that may be living at the death of my wife, Jane Lloyd.*"

My construction of this clause then is : First. Margaret

Lloyd, as the devisee of her husband, is entitled to the sum of $5,000 bequeathed to such husband, Alexander C. Lloyd.

Second. That the defendant Eliza Howe is entitled to the sum of $5,000, specifically bequeathed to her.

Third. Margaret Robinson having died childless and intestate before the widow, and leaving a husband, the $5,000 bequeathed to her goes to such husband, Samuel Robinson (47 N. Y., 351).

Fourth. The remainder of the $30,000 is to be distributed and divided equally among the children of James Lloyd (the plaintiffs Alexander Lloyd and Daniel Lloyd), and his sister, Eliza Howe. They were the only parties to whom this bequest was made, who were living at the time of the death of James Lloyd, and, among such only as were then living could the distribution be made. Each of these parties, the two nephews and the sister, take an equal one-third part thereof, as the division is to be " in equal proportions."

The fifth clause of the will, which makes provision for Anna Lloyd, the adopted daughter, and her children, it is scarcely necessary to examine. Her children are necessary parties to an adjudication thereon, and they have not been made such. As no decision to be made in the cause could bind them, the discussion of this portion is useless, and will not be attempted.

The sixth clause of the will is too plain for any examination. It sets apart $10,000 for the benefit of Mrs. Eliza Howe, wife of Silas B. Howe, and her children. The former has the income of that sum during life, payable semi-annually, and the latter take the principal upon her death.

The seventh clause of the will is identical, in its terms, with that portion of the fourth clause which has been heretofore examined. It sets apart $10,000 to be invested by the executors, who are to pay the income thereof, semi-anually, to Margaret Robinson, and at her death the principal is to be divided " equally, in equal proportions, between my brother, Alexander C. Lloyd, my sister, Eliza Howe, my wife, Jane Lloyd, and my adopted daughter, Anna Lloyd."

The same reasoning which induced us to give the construction to the fourth clause, which has been indicated, applies here. In the mind of the testator, the executors were mere custodians, or trustees of the fund, for the benefit of the parties interested, the one who was to enjoy the income during life, and those among whom the principal was to be divided on the death of the person who was to have the income during life. They became the owners on the death of the testator, and the time of division was only postponed. The employment of the word "*divided*" evidently contemplates such ownership, and as that had not been expressly declared when the word was used, we infer that he regarded the investment as made for their benefit. In the fourth clause, where the testator intended that the legacy to those named, who died before the person who was to enjoy the life income, should lapse, he so expressly declared by adding the words, "that may be living at the death of my wife, Jane Lloyd." It is fair to argue that the same clause would have been added here had he so intended.

The construction of this (the seventh) clause, as well as of the fourth, is very much helped by the consideration of an expression contained in the former "my wife, Jane Lloyd," named as one of the parties who is to take a portion of the $10,000, upon the death of the sister, Margaret Robinson. It shows that the testator had in mind the possibility of the death of the sister, Margaret, before that of his widow. Thus thinking, when in the fourth clause, after the death of his widow, he expressly directs $15,000 of the principal sum of $30,000, the income of which was to be enjoyed by the widow during life, "to be divided," equally, between his brother, Alexander C. Lloyd, and his sisters, Eliza Howe and Margaret Robinson, why did he not expressly declare the survivor, or survivors only, of the widow should have the whole, if he so intended, as he did in the same clause in regard to the division of the remaining one-half of the said $30,000? This view strengthens and confirms our construction of both

these clauses (the fourth and seventh). When the testator intended the legacy bequeathed should lapse, in case the legatee died before the party who had the life income, he left no doubt of such intention by declaring the survivor or survivors should take the whole. In the same clause (the fourth), of the will, $15,000 is .to be divided among parties named, without any declaration that, in case of death, the survivor should take the whole, and he did so when another clause in the same will shows that he contemplated the death of one prior to such division as a possible event; and then, in that identical (fourth) clause, he bequeaths another $15,000 to certain parties, and then provides that those living at the time of the distribution alone shall take. Was this distinction in the same clause without a meaning? An answer in the affirmative makes the use of the words, "that may be living at the death of my wife, Jane Lloyd," useless and unnecessary.

As the seventh clause of the will, then, does not declare that the $10,000, of which Margaret Robinson was to have the income during life, should go only to such of the legatees of the principal as should be living upon the death of Margaret, it was designed to be a devise to each immediately upon the death of the testator, the distribution to take place after the death of Margaret. The whole $10,000 is to be divided equally between Margaret Lloyd, the plaintiff, as devisee of her husband, Alexander C. Lloyd, Eliza Howe, wife of Silas B. Howe, the next of kin, or devisees of the widow, Jane Lloyd, who will take only the share of such widow, and the adopted daughter of the testator, Anna Lloyd. In other words, the plaintiff, Margaret Lloyd, takes one-quarter, Eliza Howe one-quarter, the next of kin or devisees of the widow, Jane Lloyd, another quarter, and the adopted daughter, Anna, the remaining quarter.

A decree will be prepared in accordance with the views herein expressed.